GLADNEY, Judge.
This action was brought by Murphy J. Ingouf for personal injuries and damages *795 to his automobile sustained in an automobile collision at the intersection of Stoner Avenue and Youree Drive Extension in Shreveport, Louisiana, at about 7:20 o’clock a. m., February 7, 1955. The collision involved another vehicle driven by Winnie L. Hilburn Flippen, the daughter of Carrie Lee Hilburn, owner of the said automobile. Made defendants are Winnie L. Hilburn Flippen, Carrie Lee Hilburn and the latter’s liability insurer, United States Fidelity and Guaranty Company. Following a trial of the case on its merits the trial court held plaintiff was guilty of negligence in not maintaining a proper lookout and in entering an intersection at a time when it was not safe to do so. Accordingly, defendants’ plea of contributory negligence was sustained and plaintiff’s demands were rejected. From the judgment so rendered, plaintiff has appealed.
Just prior to the accident plaintiff was driving easterly on Stoner Avenue and approaching Youree Drive Extension with the intention of crossing that thoroughfare on his way to work at the United States Veterans’ Hospital. Upon arriving at the intersection he found the signal lights controlling the intersection were jammed, the wiring having been previously damaged from a collision of an automobile with the light standard. As so jammed, the light showed toward traffic on Stoner Avenue all three colors, green, amber and red. Appellant testified he came to a stop and made due observance in order to ascertain if there were other cars approaching. There was another, but otherwise not identified, vehicle ahead and proceeding in the same direction as plaintiff. This vehicle entered and commenced crossing the intersection. Plaintiff says that after observing that no other cars were approaching he commenced the crossing of the intersection and then he saw the car driven by Mrs. Flippen not more than fifteen or twenty feet away, traveling south on Youree Drive Extension and proceeding at a speed which he estimated to be between fifty-five and sixty miles per hour. The two vehicles collided and as a result thereof Ingouf received personal injuries and his automobile was damaged.
Mrs. Flippen testified she was traveling not more than forty miles per hour and that as she approached the intersection the traffic lights were jammed and showing in her direction, a green light; that she observed Mr. Ingouf as his vehicle reached the intersection, and believing that he would come to a stop, she reduced her speed to about thirty-five miles per hour and continued through the intersection; that Ingouf did not bring his vehicle to a stop and in consequence thereof a collision occurred, although she applied her brakes and turned her car to the left in an effort to avoid the accident.
Plaintiff charges that Mrs. Flippen was guilty of negligence principally in the following particulars: failure to keep a proper lookout; failure to keep her vehicle under control; excessive speed; failure to respect plaintiff’s preemption of the intersection; and failure to avoid the accident when she had an opportunity to do so. In respect to the last allegation, plaintiff pleads the last clear chance or discovered peril doctrine. Defendants, on the other hand, charge plaintiff with negligence in failing to keep his car under control and not maintaining a proper lookout; in driving into the intersection directly in front of southbound traffic on a right-of-way street, favored by a green light; and in driving at an excessive rate of speed. These averments of fault form the basis of a special plea of contributory negligence.
The locus of the accident is accurately described by the judge a quo:
“Driving east on Stoner you reach an access road, the paved portion of which is 24 feet wide, then you reach a neutral ground which is also 24 feet wide, and then you reach the southbound driving lane of Youree Drive which is also 24 feet in *796 width. The first neutral ground has rounded corners at Stoner Avenue and the neutral ground between the two lanes of travel on Youree Drive, while being 24 feet wide, begins to taper some 30 feet south of Stoner and tapers to a width of approximately 12 feet. There is a light standard at the southwest corner of the intersection in the center of the neutral ground which has two sets of lights. Then in the central neutral ground there is a light standard in the center thereof, on each side of Stoner Avenue, each having two sets of lights, and another light standard at the northeast corner of the intersection, which also has two sets of lights. There is a curve in the south lane of travel on Youree, which begins approximately 500 feet north of Stoner Avenué and then curves to the west. From Stoner Avenue an automobile may be seen coming around the curve a distance of approximately 1,000 feet.”
In' the brief filed before this court, counsel for appellant strongly relies upon his allegations that Mrs. Flippen was traveling at an excessive rate of speed and that this principally was the cause of the accident and further, that Mrs. Flippen upon discovering the presence of the Ingouf vehicle in front of her, had the opportunity of avoiding the collision by turning her automobile so as to pass to the rear of plaintiff’s car. Plaintiff has entirely failed to prove that the Hilburn automobile was being driven at an excessive speed. The speed limit along Youree Drive Extension at or near the point of the collision is fixed at forty-five miles per hour. The only evidence adduced as to the manner in which the collision occurred is the testimony of plaintiff and Mrs. Flippen. Neither of these motorists was accompanied by any other person and apparently there were no other eye witnesses to the collision. Mr. Ingouf testified he did not see the other vehicle until it was within fifteen or twenty feet of his vehicle. Certainly under these circumstances he had no opportunity to accurately estimate the speed of the other car. .We note also .the damages to his automobile alleged in his petition amounted to $100, which fact naturally creates a presumption that at the time of impact the Hilburn automobile was not traveling at a high rate of speed. The trial judge in his reasons for judgment declared that if Mrs. Flippen had been traveling fifty or sixty miles per hour when within fifteen or twenty feet of Mr. Ingouf, he possibly would not have lived to give testimony in the case.
Mrs. Flippen testified that she realized plaintiff was not going to stop before attempting to cross the intersection, and the question is posed as to whether at the time of such realization Mrs. Flippen could have avoided the collision by either bringing her vehicle to a stop or turning in such a manner as to avoid striking the other car. The evidence indicates that Mr. In-gouf had proceeded approximately twenty-four feet into the intersection when the impact occurred and as a result of the impact his vehicle was knocked around in such a manner that it came to rest within five feet of the neutral ground. Plaintiff testified that as he proceeded into the intersection he was traveling at five miles per hour. Referring to Blashfield’s Chart relative to speeds, stopping distances, etc., as published in Blashfield’s Cyclopedia of Automobile Law and Practice, Volume 9, Section 6237, page 413, the judge a quo correctly reasoned that the Hilburn car was too close to plaintiff’s automobile when he entered the intersection for Mrs. Flippen to have stopped prior to striking plaintiff. As a consequence of these findings the court properly concluded that Mrs. Flippen did not have a clear chance to avoid the accident.
It is our finding that plaintiff was guilty of contributory negligence in failing to maintain proper observation of traffic approaching from the north on Youree-Drive Extension, and in attempting to cross the intersection at a time when the Hilburn. automobile was less than a hundred feet away from the intersection. It is clear to. us also that the last clear chance doctrine *797 is without application as we find that Mrs. Flippen did not have an opportunity to avoid' the collision after Mr. Ingouf made his entry into the intersection.
For the foregoing reasons the judgment from which appealed is hereby affirmed at appellant’s cost.